IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOUG JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.  2:15-CV-564-WKW |
| | )                [WO] |
| STATE OF ALABAMA, | ) |
| MILITARY DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff's Motion to Alter, Amend or Vacate (Doc. # 15) and Defendant's response in opposition to the motion (Doc. # 17).  Plaintiff's motion, filed more than four months after being granted leave to amend his complaint, asserts that his counsel's "excusable neglect" warrants the alteration, amendment, or vacatur of the court's order of dismissal.  (Docs. # 15, 11.)  Although Plaintiff failed to reference a statutory or rule-based justification for his motion—counsel's neglect is twofold in this respect—the court will construe the Motion to Alter, Amend or Vacate (Doc. # 15) as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(e).

**I.  JURISDICTION AND VENUE**

Plaintiff alleges a violation of federal law (Doc. # 1 ¶ 11), and accordingly federal jurisdiction is proper under 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 1391, and the parties do not contest personal jurisdiction.

## II.  BACKGROUND

On August 4, 2015, Plaintiff Doug Jones filed a complaint alleging discriminatory practices and the creation of a hostile work environment by his employer, Defendant State Military Department of the State of Alabama.[1]  (Doc. # 1.)  Plaintiff missed his first litigation deadline ninety days later, when he failed to serve process on Defendant within the deadline set by Federal Rule of Civil Procedure 4(m).  (*See* Doc. # 3); Fed. R. Civ. P. 4(m) (setting a 90-day deadline to serve process).  On January 27, 2016—a full 176 days after the complaint was filed—the court entered an order to "perfect service . . . or show cause why [the] case should not be dismissed for want of prosecution."  (Doc. # 3.)  Plaintiff then served the summons and complaint on Defendant on February 9, 2016.  (Doc. # 4.)  Defendant responded with a motion to dismiss on March 3, 2016.  (Doc. # 6.)  Plaintiff filed a response and a motion for leave to amend his complaint on March 25 (Docs. # 9, 10); on April 25 the court granted leave to amend, denied the motion to dismiss as moot, and gave Plaintiff until April 28 to file his amended complaint (Doc. # 11).

Nearly two months after the April 28 deadline, Plaintiff still had not filed his amended complaint.  Accordingly, the court entered a second order on June 10,

---

[1] Plaintiff's complaint actually named as the defendant the State Military Division of the State of Alabama.  As pointed out by Defendant in its Motion to Dismiss (Doc. # 6), no such entity exists.

directing Plaintiff to file the amended complaint by June 17 and warning specifically that noncompliance would "risk dismissal of [the] action for failure to prosecute." (Doc. # 12.) But even faced with two court orders and the specter of dismissal, Plaintiff's counsel declined to file an amended complaint. As a result, the court dismissed the action *sua sponte* on August 2 (Doc. # 13), based on Plaintiff's counsel's failure to prosecute and failure to comply with repeated court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (referring to the "inherent power" of district courts "to dismiss sua sponte for lack of prosecution"); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that Federal Rule of Civil Procedure 41(b) authorizes *sua sponte* dismissals for failure to comply with court orders).

Four weeks later, on August 30, Plaintiff filed the motion currently before the court. (Doc. # 15.) In the motion, Plaintiff's counsel asks this court to forgive months of delays, blown deadlines, and defiance of court orders. (Doc. # 15.) Because Plaintiff's bald assertion of "excusable neglect" is the motion's only reference to a cognizable legal standard, the court will construe it as seeking relief under Federal Rule of Civil Procedure 60(b)(1). (*See* Doc. # 15.)

### III. DISCUSSION

The Federal Rules of Civil Procedure authorize courts to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake,

inadvertence, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Supreme Court has held that the determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). Such relevant circumstances include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The Eleventh Circuit has further noted that the considerations of "primary importance" are "the absence of prejudice to the nonmoving party and . . . the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). Finally, although the court is reluctant to punish a client for his counsel's failings, the Supreme Court commands that "clients must be held accountable for acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396. Accordingly, "the focus of the court's inquiry must be on whether the attorney's error was excusable, not on whether the client was diligent in selecting, monitoring, and cooperating with counsel." *Jacobs v. Elec. Data Sys. Corp.*, 240 F.R.D. 595, 600 (M.D. Ala. 2007) (citing *Pioneer*, 507 U.S. at 397).

On the balance, these factors do not favor Plaintiff. The analysis starts with the considerations of prejudice to the non-movant and the delay's impact on

"efficient judicial administration," as befits these factors' "primary importance." *Cheney*, 71 F.3d at 850. The prejudice to Defendant seems nominal at best. To be sure, Defendant would be prejudiced by being haled back into court for the remainder of the litigation. However, "the inquiry is whether prejudice results from the *delay*, not from having to continue to litigate the case." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 594 F.3d 1337, 1357 (11th Cir. 2009). In fairness, Plaintiff's four-month delay after being granted leave to amend is significantly longer than the delays in cases where 60(b)(1) relief was granted. *See, e.g.*, *Pioneer*, 507 U.S. at 398–99 (twenty-day delay); *Conn. State Dental Ass'n*, 594 F.3d at 1357 (ten-day delay); *Walter v. Blue Cross & Blue Shield United of Wisc.*, 181 F.3d 1198 (11th Cir. 1999) (one-month delay); *Cheney*, 71 F.3d at 850 (six-day delay). But it was not the sort of delay that would allow relevant evidence to turn stale. *See Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 387 (E.D.N.Y. 1998) (finding non-movant would be prejudiced where evidence went stale during movant's multiple-year delay). Nor is this a case where Plaintiff's delays put him in a position of unfair advantage. *See In re Guidant Corp. Implantable Defribrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (holding that movant's delay was prejudicial to non-movant where the delay hindered the non-movant's investigation of the case and thereby gave an unfair advantage to the movant). In this regard, it is telling that Defendant, in its opposition to Plaintiff's motion, failed to argue that it would be prejudiced by

5

a grant of relief under Rule 60(b)(1). (*See* Doc. # 17.) All things considered, the prejudice to Defendant would not be substantial.

However, a finding of minimal prejudice does not end the Rule 60(b)(1) inquiry. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003) (affirming denial of 60(b)(1) motion to set aside default judgment, despite "the lack of substantial prejudice to the non-moving party"). Equally important is the severe impact on "efficient judicial administration" that would result from granting Plaintiff's motion. *Cheney*, 71 F.3d at 850. For the duration of this case, Plaintiff's counsel has made a habit of flouting court orders and the deadlines imposed by the Federal Rules of Civil Procedure. This inattentiveness has forced the court to repeatedly order Plaintiff's counsel to meet basic litigation deadlines, further stretching thin the court's already scarce resources. (*See* Docs. # 3 (ordering Plaintiff to serve process on Defendant); 11, 12 (ordering Plaintiff to file the amended complaint); 13 (dismissing the action for failure to prosecute).) The resulting delays choke the docket and impede the court's efficient operation.

Even assuming, *arguendo*, that allowing Plaintiff to file an amended complaint—a full four months after he was first ordered to do so—would not affect the efficient management of the court's docket, the court refuses to set a precedent condoning counsel's conduct. Repeated noncompliance with court orders should be met with dismissal under Rule 41(b), not post-judgment relief under Rule 60(b)(1).

*See Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) ("An attorney's failure to follow the clear dictates of a court order does not amount to excusable neglect."). Counsel's disregard for the deadlines set by court and by Rule should not be rewarded with yet another chance to file the amended complaint. *Cf. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (holding that "an attorney's negligent failure to respond to a motion does not constitute excusable neglect").[2] Accordingly, the important consideration of the delay's length and "impact on judicial proceedings" weighs strongly against Rule 60(b)(1) relief. *Pioneer*, 507 U.S. at 395; *see Cheney*, 71 F.3d at 750.

The Supreme Court also instructs courts to take account of "the reason for the delay, including whether it was within the reasonable control of the movant," as well as "whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. Plaintiff did not attempt to excuse his delay, settling instead for the conclusory assertion that "excusable neglect" caused him to "fail[ ] to follow the order[s] of this Court." (Doc. # 15.) Nor can Plaintiff's counsel claim ignorance of the deadlines and court orders. Not only did counsel receive electronic notice of the orders at an email address that

---

[2] It should also be noted that Plaintiff's counsel, Jackson Brett Harrison, brought another action in the Middle District of Alabama that was dismissed for his failure to heed court orders and meet deadlines. *See* Order, *Cody Wood v. State Military Dep't*, No. 2:15-CV-273-WKW (M.D. Ala. filed Apr. 24, 2015), ECF No. 9. Mr. Harrison continues to watch the deadlines roll by, indicating to the court that his carelessness will continue as long as he believes that a tardy response can be cured by a post-judgment motion. Although Mr. Harrison's previous failings will not be held against him today, their continuing nature illustrates the precedential value of firm deadlines.

he provided, Defendant's counsel went so far as to send him an email reminder that the amended complaint was past due.  (Doc. # 17-1.)  Therefore, the court has no reason to believe that the delay was outside of Plaintiff's "reasonable control."  *See Pioneer*, 507 U.S. at 395.  Similarly, although nothing in the record demonstrates bad faith on Plaintiff's behalf, the court is loath to forgive Plaintiff's four-month delay and the disregard of multiple court orders—whether in good faith or bad.  In sum, absent a showing of good faith or circumstances beyond Plaintiff's control, the court's "interest [in] efficient judicial administration" demands denial of Plaintiff's motion.  *Cheney*, 71 F.3d at 750.

## IV.  CONCLUSION

At day's end, Rule 60(b)(1) serves to protect parties from "technical error[s] or slight mistake[s] by the party's attorney."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2858 (3d ed. 2004).  It does not, however, protect against open disregard of judicial deadlines and court orders.  Because nothing about his counsel's neglect was excusable, it is ORDERED that Plaintiff's Motion to Alter, Amend or Vacate (Doc. # 15) is DENIED.

DONE this 26th day of September, 2016.

                                          /s/ W. Keith Watkins
                               CHIEF UNITED STATES DISTRICT JUDGE